IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LI SHAOMING, MO HAILONG, also known as Robert Mo, WANG LEI, WANG HONGWEI, YE JIAN, LIN YONG, and MO YUN,<br><br>Defendants. | Case No. 4:13-CR-147<br><br>BRIEF IN SUPPORT OF DEFENDANT MO HAILONG'S MOTION TO SUPPRESS NINE UNLAWFUL SEARCHES |

The Defendant, Mo Hailong ("Mr. Mo"), and submits the following brief in support of his March 27, 2015 motion to suppress evidence obtained from the following nine searches, all of which appear to have been conducted without supporting legal authority:

   a. The search and seizure of 1,043 email messages associated with the email address robertmoyh@yahoo.com, dated between August 4, 2003 and December 10, 2013, and produced by the government to Mr. Mo on October 20, 2014 (the "Yahoo Email Seizure");[1]

   b. The search and seizure of 2,805 email messages associated with the email address robertmo@gmail.com, dated between May 20, 2004 and December 9, 2013, and produced by the government to Mr. Mo on October 20, 2014 (the "Gmail Search—robertmo@gmail.com");

   c. The search and seizure of 132 email messages associated with the email address dbnnorthamerica@gmail.com, dated between January 25, 2013 and October 22, 2013, and produced by the government to Mr. Mo on October 20, 2014 (the "Gmail Search—dbnnorthamerica@gmail.com");

---

[1] This production did not include, and this brief does not challenge, the 1,531 email messages dated between January 2010 and April 9, 2012, which the FBI obtained pursuant to a warrant and produced to Mr. Mo on January 30, 2015. Challenges to the FBI's interception of these emails are set forth in a separate motion and brief filed on March 27, 2015.

    d. The interception of GPS tracking coordinates for a Honda CR-V vehicle registered to Mr. Mo between May 18, 2012 and September 16, 2012 and produced by the government to Mr. Mo on January 30, 2015 (the "Honda CR-V Tracking");[2]

    e. The interception of GPS tracking coordinates for a Ford Escape vehicle rented by Mr. Mo on September 28, 2012 at Chicago O'Hare airport between September 28, 2012 and September 30, 2012 and produced by the government to Mr. Mo on March 16, 2015 (the "Ford Escape Tracking");

    f. The interception of 269 telephone calls spanning 48 hours associated with cellular telephone numbers 786-223-3464 and 561-989-4481, registered to Mr. Mo, between May 10, 2012 and December 3, 2013 and produced by the government to Mr. Mo as 269 audio files on October 20, 2014 (the "Cell Phone Intercepts");

    g. Eleven hours of audio recordings captured by a listening device placed in a Ford Escape vehicle rented by Mr. Mo on September 28, 2012 at Chicago O'Hare airport between September 28, 2012 and September 30, 2012 and produced by the government to Mr. Mo on March 25, 2014 (the "Ford Escape Audio Intercepts");

    h. The search of five boxes shipped by Mr. Mo via Federal Express from Orland Park, Illinois to Set Logistics Company, LTD in Hong Kong on May 11, 2012 (the "Federal Express Search"); and

    i. The search and seizure of 209 Secure Messaging System messages (also known as "SMS" or "text" messages) associated with cellular telephone numbers 561-989-4481 and 786-223-3464, both subscribed to by Mr. Mo and dated May 12, 2012 to October, 20 2012 (561-989-4481), December 31, 2012 to November 18, 2013 (561-989-4481) and May 12, 2012 to December 5, 2012 (786-223-3464) (the "Text Message Interception").

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 3

FACTS .................................................................................................................................... 4

ARGUMENT .......................................................................................................................... 8

    I.    THE GOVERNMENT APPEARS TO HAVE CONDUCTED EACH OF THE CHALLENGED SEARCHES WITHOUT COURT AUTHORIZATION IN VIOLATION OF MR. MO'S FOURTH AMENDMENT RIGHTS. ............................................................................... 8

---

[2] This brief does not challenge the FBI's interception of GPS tracking data associated with the Honda CR-V between February 23, 2012 and May 18, 2012. A challenge to the FBI's interception of this later GPS tracking data is set forth in a separate motion and brief filed on March 27, 2015.

{02032172.DOCX}      2

    A.    Each of the Challenged Searches Required Court Authorization under the Fourth Amendment. ................................................................................ 8

    B.    The Challenged Searches Violated Mr. Mo's Fourth Amendment Rights Because They Were Not Supported by Proper Legal Authority. ............................................................................................................. 10

CONCLUSION ................................................................................................................ 10

## INTRODUCTION

In the government's discovery productions over the past 15 months since his arrest, Mr. Mo has received evidence collected by the FBI from the searches enumerated above. The searches are, however, unexplained. Despite repeated defense requests, the government has not provided legal authority supporting any of these searches enumerated above. The searches are unexplained. The government's silence on this issue can mean one of three things: (1) the searches were authorized under the Foreign Intelligence Surveillance Act ("FISA"); (2) the searches were supported by valid legal process, but the government has not yet produced that material to Mr. Mo; or (3) the searches were illegal. To the extent that the government obtained a FISA warrant to conduct any of the searches challenged here, Mr. Mo's March 13, 2015 motion to suppress FISA evidence, rather than this motion, should govern. This motion applies only to those searches for which the government did not obtain supporting authorization from either a United States District Court or the FISA court ("FISC").

Mr. Mo brings his challenge because he has received no evidence that the searches were lawful. Without a full accounting before this court of the legal basis for each search, any unlawful warrantless searches risk falling through the cracks.

This Court previously held that the government need not disclose to the defense which searches were authorized by FISA orders.[3] This motion does not seek an end-run around that

---

[3]     Dkt. No. 214. Mr. Mo has filed a motion seeking reconsideration of that order, which remains pending. Dkt. No. 229.

order. Nonetheless, Mr. Mo requests that the government provide the court with a full accounting of the legal authority (or lack thereof) for each search challenged herein, so that Mr. Mo's challenge to any un-authorized searches may be heard. This Court is in the best position to make this determination.

## FACTS

In the government's discovery productions in this matter, it provided to Mr. Mo a significant amount of evidence related to email accounts associated with Mr. Mo, vehicles associated with Mr. Mo, telephone calls made by or received by Mr. Mo, statements made by Mr. Mo, and packages sent by Mr. Mo. For nine categories of evidence, the government failed to provide Mr. Mo with any legal authority supporting its search and seizure of the materials. The challenged searches fall into five distinct categories, each of which is detailed below. Mr. Mo obtained the facts set forth below from the government's various discovery productions from March 25, 2014 until March 16, 2015.

### Searches of Email Accounts Associated with Mr. Mo ("Email Searches")

1. The Yahoo Email Search

In its October 20, 2014 discovery production, the government produced to Mr. Mo 1,043 emails associated with email address robertmoyh@yahoo.com. These emails ranged in date from August 4, 2003 to December 10, 2013. The government did not explain to Mr. Mo the legal support authorizing the search for and seizure of these 1,043 emails.

Three months later, in its January 30, 2015 discovery production, the government produced to Mr. Mo an additional 3,531 email messages associated with Mr. Mo's Yahoo email account. It also produced a search warrant and related materials for Mr. Mo's Yahoo account. The warrant, which is challenged in a separate motion, permitted seizure of emails and other data

from the Yahoo account dated between January 2010 and April 9, 2012. All of the 3,531 emails produced on January 30, 2015 appear to fall within this time period.

None of the emails produced on October 20, 2014 fall within the date range covered by the Yahoo search warrant. Accordingly, the warrant did not authorize their seizure. As the government has produced no legal authority supporting their seizure, Mr. Mo assumes that the search and seizure of the 1,043 emails was unauthorized.

2. The Gmail Search—robertmo@gmail.com

In its October 20, 2014 discovery production, the government produced to Mr. Mo 2,805 emails associated with email address robertmo@gmail.com. These emails ranged in date from May 20, 2004 to December 9, 2013. The government did not explain to Mr. Mo the legal support authorizing the search for and seizure of these 2,805 emails. As the government has produced no legal authority supporting their seizure, Mr. Mo assumes that the search and seizure of the 2,805 emails was warrantless.

3. The Gmail Search—dbnnorthamerica@gmail.com

In its October 20, 2014 discovery production, the government produced to Mr. Mo 132 emails associated with email address dbnnorthamerica@gmail.com, which appears to be associated with Mr. Mo. These emails ranged in date from January 25, 2013 to October 22, 2013. The government did not explain to Mr. Mo the legal support authorizing the search for and seizure of these 132 emails. As the government has produced no legal authority supporting their seizure, Mr. Mo assumes that the search and seizure of the 2,805 emails was unauthorized.

**GPS Tracking of Mr. Mo's Movements ("GPS Tracking")**

4. <u>Honda CR-V Tracking</u>

In its January 30, 2015 discovery production, the government produced to Mr. Mo GPS tracking information related to a Honda CR-V vehicle registered in Florida to Mr. Mo. The GPS tracking data ranged in date from February 24 to July 29, 2012 and September 7-16, 2012. The government also produced a search warrant and a renewed search warrant authorizing the seizure of this GPS data for the period from February 23, 2012 to May 18, 2012 only. (That warrant is challenged in a separate motion.) The government did not explain to Mr. Mo the legal support authorizing the interception of the GPS data between May 18, 2012 and September 16, 2012. As the government has produced no legal authority supporting the tracking, Mr. Mo assumes that the GPS tracking of the Honda CR-V was unauthorized.

5. <u>Ford Escape Tracking</u>

In its March 16, 2015 discovery production, the government produced to Mr. Mo GPS tracking information related to a Ford Escape vehicle that Mr. Mo rented from Chicago O'Hare airport on September 28, 2012. The GPS tracking data ranged in date from September 28, 2012 to September 30, 2012. The government did not explain to Mr. Mo the legal support authorizing the interception of GPS data associated with the Ford Escape. As the government has produced no legal authority supporting the tracking, Mr. Mo assumes that the GPS tracking of the Ford Escape was unauthorized.

**Recorded Conversations Involving Mr. Mo ("Voice Intercepts")**

6. <u>Cell Phone Intercepts</u>

In its October 20, 2014 discovery production, the government produced to Mr. Mo audio files containing recordings of 269 telephone conversations, spanning 48 hours, associated with cell phone numbers 786-223-3464 and 561-989-4481, both registered to Mr. Mo. The calls ranged in date from May 10, 2012 to December 3, 2013. The government did not explain to Mr.

Mo the legal support authorizing the interception of his cell phone calls. As the government has produced no legal authority supporting the tracking, Mr. Mo assumes that the interception of his cell phone calls was unauthorized.

7. <u>Ford Escape Audio Intercepts</u>

In its April 25, 2014 discovery production, the government produced to Mr. Mo 14 audio files containing 11 hours of recordings captured by a listening device placed in a Ford Escape vehicle rented by Mr. Mo at Chicago O'Hare airport on September 28, 2012. The recordings ranged in date from September 28, 2012 to September 30, 2012. The government did not explain to Mr. Mo the legal support authorizing the interception of private conversations in his rental car. As the government has produced no legal authority supporting the tracking, Mr. Mo assumes that the interception of his conversations in the Ford Escape was unauthorized.

**Search of Packages Shipped by Mr. Mo**

8. <u>Federal Express Search</u>

The indictment filed against Mr. Mo on December 17, 2013 refers to five boxes allegedly shipped by Mr. Mo on May 11, 2012 from a Federal Express facility in Orland Park, Illinois to "Set Logistics Company" in Hong Kong. Dkt. No. 6, ¶ 31. According to the criminal complaint filed against Mr. Mo several days earlier, the labels on the boxes listed the contents as "corn seed." Dkt. No. 1 ¶ 21. The FBI opened and searched these five boxes. *Id.* Dkt. No. 6, ¶ 31. The government did not explain to Mr. Mo the legal support authorizing it to open and search the five Federal Express boxes. As the government has produced no legal authority supporting the search, Mr. Mo assumes that the search of the five Federal Express boxes was warrantless.

**Intercepts of Mr. Mo's Text Messages**

9. <u>Text Message Interception</u>

In its October 20, 2014 discovery production, the government produced to Mr. Mo 209 Secure Messaging System messages (also known as "SMS" or "text" messages) associated with two cellular phone numbers registered to Mr. Mo. The text messages associated with telephone number 786-223-3464 ranged in date from May 12, 2012 to December 5, 2012. The text messages associated with telephone number 561-989-4481 ranged in date from May 12, 2012 to October, 20 2012 and December 31, 2012 to November 18, 2013. The government did not explain to Mr. Mo the legal support authorizing the interception of his text messages. As the government has produced no legal authority supporting the interception, Mr. Mo assumes that the interception of his text messages was warrantless.

## ARGUMENT

I. **THE GOVERNMENT APPEARS TO HAVE CONDUCTED EACH OF THE CHALLENGED SEARCHES WITHOUT COURT AUTHORIZATION IN VIOLATION OF MR. MO'S FOURTH AMENDMENT RIGHTS.**

  A. **Each of the Challenged Searches Required Court Authorization under the Fourth Amendment.**

**The Email Searches**

The Yahoo Email Search and the Gmail Searches of robertmo@gmail.com and dbnnorthamerica@gmail.com required court authorization. It is axiomatic that "individuals maintain a reasonable expectation of privacy with respect to their private email accounts and that such accounts are entitled to the same Fourth Amendment protections as conventional letters. *R.S. v. Minnewaska Area Sch. Dist. No. 2149*, 894 F. Supp. 2d 1128, 1142 (D. Minn. 2012) (quoting *United States v. Warshak*, 631 F.3d 266, 288 (6th Cir. 2010). *See also Warshak*, 631 F.3d 266 (holding that "[t]he government may not compel a commercial ISP to turn over the

contents of a subscriber's emails without first obtaining a warrant based on probable cause."). Accordingly, the FBI could not lawfully conduct the Email Searches without court authorization.

### GPS Tracking

The Honda CR-V Tracking and the Ford Escape Tracking required court authorization. As the Supreme Court has held, GPS surveillance of an automobile constitutes a Fourth Amendment search. *United States v. Jones*, 132 S. Ct. 945, 949 (2012). Accordingly, the FBI could not lawfully conduct the GPS Tracking without court authorization.

### Voice Intercepts

The Cell Phone Intercepts and the Ford Escape Audio Intercepts required court authorization. It is well-established that, under the Fourth Amendment, the use of electronic audio surveillance, such as the interception of telephone calls, requires prior court order. *United States v. United States Dist. Court*, 407 U.S. 297, 301-02 (1972). This constitutional requirement applies not only to telephone call interception, but also to interception of other conversations in which the intercepted party has a reasonable expectation of privacy, such as private conversations in a rented car. *See Katz v. United States*, 389 U.S. 347, 352 (1967) (holding that defendant retained a reasonable expectation of privacy in his conversations conducted in a telephone booth, as "[n]o less than an individual in a business office, in a friend's apartment, or in a taxicab, a person in a telephone booth may rely upon the protection of the Fourth Amendment."). Title III of the 1968 Omnibus Crime Control and Safe Streets Act was explicitly "'drawn to meet the constitutional requirements for electronic surveillance'" as enunciated in the Court's precedents. *United States Dist. Court*, 407 U.S. at 301-02 (citing *Katz v. United States*, 389 U.S. 347 (1967)). Accordingly, the FBI could not lawfully obtain the Voice Intercepts without court authorization.

### Search of Packages Shipped by Mr. Mo

The Federal Express Search required court authorization. It is axiomatic that "[l]etters and other sealed packages are in the general class of effects in which the public at large has a legitimate expectation of privacy" and "warrantless searches of such effects are presumptively unreasonable." *United States v. Jacobsen*, 466 U.S. 109, 114 (1984). Accordingly, the FBI could not lawfully search the Federal Express packages shipped by Mr. Mo without a warrant.

### Text Message Interception

The Text Message Interception required court authorization. It is well-established that data stored in and accessible by cell phones (such as text messages) is immune from search without a warrant based on probable cause. *See Riley v. California*, 134 S. Ct. 2473 (2014). Accordingly, the FBI could not lawfully intercept Mr. Mo's text messages without court authorization.

B.  **The Challenged Searches Violated Mr. Mo's Fourth Amendment Rights Because They Were Not Supported by Proper Legal Authority.**

In its 14 separate discovery productions spanning the past 15 months since this case began, the government has produced no legal authority supporting any of the nine challenged searches. Accordingly, without further information from the government, it appears to Mr. Mo that each of the nine searches was conducted without a judicial finding of probable cause, as required by the Fourth Amendment and related case law. As such, the government conducted each of the nine challenged searches in violation of Mr. Mo's Fourth Amendment rights.

### CONCLUSION

For all of the foregoing reasons, the Defendant, Mo Hailong, requests that the Court grant his motion to suppress the evidence and fruits thereof obtained from the nine searches set forth herein.

WEINHARDT & LOGAN, P.C.

By _____/s/ Mark E. Weinhardt/_____

| Mark E. Weinhardt | AT0008280 |
| Holly M. Logan | AT0004710 |

2600 Grand Avenue, Suite 450
Des Moines, IA 50312
Telephone: (515) 244-3100
E-mail: mweinhardt@weinhardtlogan.com
 hlogan@weinhardtlogan.com

LAW OFFICE OF MARK BECK

By _____/s/ Mark Beck/_____
Mark Beck (Admitted pro hac vice)

350 West Colorado Blvd, Suite 200
Pasadena, CA 91105
Telephone: (626) 234-5334
Email: mbeck@markbecklaw.com
ATTORNEYS FOR MO HAILONG, ALSO
KNOWN AS ROBERT MO

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on _____3/26_____, 2015, by

☐ U.S. Mail      ☐ FAX

☐ Hand Delivered      ☐ Electronic Mail

☐ FedEx/ Overnight Carrier      ☒ CM / ECF

Jason T. Griess
U.S. Attorney's Office
jason.griess2@usdoj.gov

Marc Krickbaum
marc.krickbaum@usdoj.gov

Leon F. Spies
Mellon & Spies
Spieslegal@aol.com

Terry W. Bird
Bird Marella
TWB@birdmarella.com

ATTORNEYS FOR MO YUN

Signature: _M. Baldus_