IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LI SHAOMING, MO HAILONG, also )<br>known as Robert Mo, WANG LEI, )<br>WANG HONGWEI, YE JIAN, LIN )<br>YONG, and MO YUN )<br>)<br>Defendants. ) | Case No. 4:13-CR-147<br><br>DEFENDANT MO HAILONG'S<br>MOTION TO SUPPRESS WARRANT<br>SEARCHES (ORAL ARGUMENT<br>REQUESTED) |

The Defendant, Mo Hailong, ("Mr. Mo") moves this Court for an order suppressing evidence obtained from various searches or forms of surveillance performed pursuant to search warrants, and further suppressing the fruits of any evidence obtained pursuant to those warrants. This motion is based upon the Fourth Amendment to the United States Constitution and Rule 41 of the Federal Rules of Criminal Procedure and is brought pursuant to Rule 12(b)(3)(C) of the Federal Rules of Civil Procedure. In support of his motion, Mr. Mo states as follows:

## PRELIMINARY STATEMENT

1.   Mr. Mo is charged with a single count of conspiracy to misappropriate trade secrets in violation of 18 U.S.C. § 1832. In the course of the investigation of the case against him, the government executed a number of warrants in an attempt to obtain evidence for use against Mr. Mo at trial. Those include warrants to search physical locations, warrants to obtain digital evidence, and warrants to conduct GPS tracking. In

this motion, Mr. Mo challenges a number of those warrants and seeks suppression of the evidence obtained through them.

2. The warrant searches used against Mr. Mo in this case suffer from a variety of defects. Those defects include that (1) the warrants are unsupported by probable cause either in whole or in part; (2) the warrants were obtained in whole or in part based upon unlawful misstatements or omissions of material facts in the probable cause affidavits supporting the warrant applications, *see Franks v. Delaware*, 438 U.S. 154 (1978); (3) the evidence supporting the warrant applications was stale; (4) the evidence supporting the obtaining of the warrants was itself the unlawful fruit of an unconstitutional search and seizure; (5) the warrants themselves were unlawful in form and content, including that the warrants were overbroad and/or lacked particularity; and/or (6) the warrants were unlawfully executed.

3. In this motion, Mr. Mo describes his basic objections to each warrant search. His grounds for suppression, however, will be described in a series of briefs in support of this motion. Mr. Mo will submit a separate brief addressing each warrant search he challenges in this motion. The defects alleged in this motion are often common to multiple warrants, however. In order to avoid repetition, Mr. Mo has attempted to centralize his objections to the degree possible. Many of the common problems with the warrants infect the warrant authorizing the search of Mr. Mo's home and office in Florida. He principally discusses those common issues, therefore, in the Brief in Support of Defendant Mo Hailong's Motion to Suppress Home and Office Search. This Court should review that brief before the others associated with this motion.

4. This motion does not challenge every search and seizure that has generated purported trial evidence against Mr. Mo. First, this motion does not concern searches conducted under the Foreign Intelligence Surveillance Act, which are the subject of previous separate filings from Mr. Mo. *See* Docket Nos. 224, 225. Second, discovery is still incomplete regarding the documents associated with certain apparent warrant searches in this case, and discovery may yet be incomplete regarding the very existence of other warrant searches in this case. Mr. Mo reserves his right to file an additional motion challenging other searches as discovery concerning those searches is completed.

5. Mr. Mo will now in turn state his objections regarding the various warrant searches challenged in this motion.

## HOME AND OFFICE SEARCH

6. On December 10, 2013, a federal magistrate for the United States District Court for the Southern District of Florida issued parallel search warrants for two premises: Mr. Mo's home, at 22130 Candle Court, Boca Raton, Florida and Mr. Mo's office, at 7777 Glades Road, Suite 215, Boca Raton, Florida. The two warrants were supported by substantively identical applications. The next day, law enforcement officers executed the search warrants at Mr. Mo's home and at his office. The officers seized evidence from both locations, including documents, corn seeds, and computers and other electronic devices containing a variety of electronic documents and images. Mr. Mo believes that the government will seek to introduce evidence obtained in the searches of his home and office in this case.

7.      Some or all of the evidence obtained in the searches of Mr. Mo's home and office should be suppressed for some or all of the following reasons:

      a.    The applications for the search warrants demonstrated insufficient probable cause to support the issuance of the warrants.

      b.    The applications for the search warrant contained material misstatements of fact and/or omissions of material fact entitling Mr. Mo to the relief specified in *Franks v. Delaware*.

      c.    The applications for the search warrants were based on information that was too stale to support a present finding of probable cause.

      d.    The search warrants were unconstitutionally overbroad because they authorized government agents to seize items for which the government had demonstrated no probable cause that the items represented evidence of a crime.

      e.    The warrants failed to comply with the Fourth Amendment particularity requirement because their extraordinary scope rendered them "general warrants."

      f.    The agents executing the warrants failed to observe the limitations imposed in the warrants on the areas and items that could be searched, resulting in the seizure of items not authorized to be seized in the warrants.

      g.    The warrants lacked any search protocol or other procedure for searching and identifying electronically stored information that was within the scope of the warrants for which there was probable cause and placing reasonable temporal restrictions on the execution of the search. The absence of any such protocol or procedure renders the warrants invalid.

8.      Accordingly, all evidence obtained in the search of Mr. Mo's home and Mr. Mo's office should be suppressed, as well as all evidence developed from or that is the fruits of the evidence obtained in the search of Mr. Mo's home and Mr. Mo's office. The evidence that will be produced in support of Mr. Mo's challenge to this search entitles him to, and he hereby requests, an evidentiary hearing regarding his challenges

under *Franks v. Delaware*. Mr. Mo's challenge to this warrant is supported by the Brief in Support of Defendant Mo Hailong's Motion to Suppress Home and Office Search.

## ADEL STORAGE LOCKER SEARCH

9. On December 10, 2013, a federal magistrate for the United States District Court for the Southern District of Iowa issued a warrant to search an AM Mini Storage Locker in Adel, Iowa in which Mr. Mo had an expectation of privacy. On December 11, 2013, law enforcement officers executed that warrant and seized various evidence, including full, partially full, and empty bags of purchased seed corn, corn cobs, and other items.

10. Some or all of the evidence obtained in the searches of the storage locker should be suppressed for some or all of the following reasons:

    a. The application for the search warrant demonstrated insufficient probable cause to support the issuance of the warrant.

    b. The application for the search warrant contained material misstatements of fact and/or omissions of material fact entitling Mr. Mo to the relief specified in *Franks v. Delaware*.

    c. The applications for the search warrants were based on information that was too stale to support a present finding of probable cause.

    d. The warrant failed to comply with the Fourth Amendment particularity requirement because its extraordinary scope rendered it a "general warrant."

    e. The agents executing the warrant failed to observe the limitations imposed in the warrant on the areas and items that could be searched, resulting in the seizure of items not authorized to be seized in the warrant.

11. Accordingly, all evidence obtained in the search of AM Mini Storage Locker in Adel, Iowa should be suppressed, as well as all evidence developed from or

that is the fruits of the evidence obtained in the search of the storage locker. The evidence that will be produced in support of Mr. Mo's challenge to this search entitles him to, and he hereby requests, an evidentiary hearing regarding his challenges under *Franks v. Delaware*. This request is supported by the Brief in Support of Defendant Mo Hailong's Motion to Suppress Adel Storage Locker Search.

## YAHOO EMAIL SEIZURE

12. On March 29, 2012, a federal magistrate for the United States District Court for the Southern District of Iowa issued a search warrant for information contained in, including emails stored in, an email account associated with Mr. Mo and maintained by Yahoo Inc. ("Yahoo"). On or about April 9, 2012, law enforcement agents executed, and/or Yahoo produced, information sought by the warrant.

13. Some or all of the evidence obtained in the searches of the Yahoo email should suppressed for some or all of the following reasons:

  a. The application for the search warrant demonstrated insufficient probable cause to support the issuance of the warrant.

  b. The application for the search warrant contained material misstatements of fact and/or omissions of material fact entitling Mr. Mo to the relief specified in *Franks v. Delaware*.

14. Accordingly, all evidence obtained in the search of Mr. Mo's Yahoo email account should be suppressed, as well as all evidence developed from or that is the fruits of the evidence obtained in the search of Mr. Mo's Yahoo email account. The evidence that will be produced in support of Mr. Mo's challenge to this search entitles him to, and he hereby requests, an evidentiary hearing regarding his challenges under *Franks v.*

*Delaware*. This request is supported by the Brief in Support of Defendant Mo Hailong's Motion to Suppress Yahoo Email Search.

## I-CLOUD ACCOUNT SEIZURE

15. On March 26, 2014, a federal magistrate for the United States District Court for the Southern District of Iowa issued a search warrant for information, including documents and emails, stored on an I-Cloud account maintained by Apple, Inc. and associated with Mr. Mo. On March 26, 2014, law enforcement officers executed the warrant and obtained, or Apple, Inc. produced, information sought by the warrant.

16. Some or all of the evidence obtained in the searches of Mr. Mo's I-Cloud account should be suppressed for some or all of the following reasons:

    a. The application for the search warrant demonstrated insufficient probable cause to support the issuance of the warrant.

    b. The application for the search warrant contained material misstatements of fact and/or omissions of material fact entitling Mr. Mo to the relief specified in *Franks v. Delaware*.

    c. The agents executing the warrant failed to observe the limitations imposed in the warrant on the areas and items that could be searched, resulting in the seizure of items not authorized to be seized in the warrant.

17. Accordingly, all evidence obtained in the search of Mr. Mo's I-Cloud account should be suppressed as well as all evidence developed from or that is the fruits of the evidence obtained in the search of Mr. Mo's I-Cloud account. The evidence that will be produced in support of Mr. Mo's challenge to this search entitles him to, and he hereby requests, an evidentiary hearing regarding his challenges under *Franks v.*

*Delaware*. This request is supported by the Brief in Support of Defendant Mo Hailong's Motion to Suppress I-Cloud Account Search.

## GPS TRACKING OF MR. MO'S CELL PHONE

18. On April 23, 2012, a federal magistrate for the United States District Court for the Southern District of Iowa issued a search warrant for location information, on a continuing basis, for a cell phone associated with Mr. Mo. Law enforcement officers executed the warrant on T-Mobile USA, Inc. ("T-Mobile") and obtained location information associated with that phone for a period of months after April 23, 2012.

19. Some or all of the evidence obtained in the searches of Mr. Mo's T-Mobile cell phone should suppressed because of the government's flagrant and intentional failure to comply with Rule 41's notice requirement to Mr. Mo where:

   a. No legal ground existed for further delay;

   b. The government did not act in good faith, and

   c. The government's untimely notice to Mr. Mo is part of a pattern of disregard for Mr. Mo's right to notice of searches.

20. Accordingly, all evidence obtained in the search of Mr. Mo's T-Mobile cell phone should be suppressed, as well as all evidence developed from or that is the fruits of the evidence obtained in the search of Mr. Mo's T-Mobile cell phone. The evidence that will be produced in support of Mr. Mo's challenge to this search entitles him to, and he hereby requests, an evidentiary hearing regarding his challenges under *Franks v. Delaware*. This request is supported by the Brief in Support of Defendant Mo Hailong's Motion to Suppress T-Mobile Cell Phone Search.

## **GPS TRACKING OF MR. MO'S HONDA AUTOMOBILE**

21. On February 23, 2012 a federal magistrate judge for the United States District for the Southern District of Florida issued a GPS tracking warrant for a 2008 Honda CR-V Automobile associated with Mr. Mo. On February 24, 2012, law enforcement agents executed the warrant by applying the GPS tracking device to Mr. Mo's car and collected information regarding the whereabouts of Mr. Mo's car for nearly three months after.

22. Some or all of the evidence obtained in the searches of the GPS tracking devise on the 2008 Honda CR-V Automobile should suppressed for some or all of the following reasons:

> a. The application for the search warrant demonstrated insufficient probable cause to support the issuance of the warrant.
>
> b. The application for the search warrant contained material misstatements of fact and/or omissions of material fact entitling Mr. Mo to the relief specified in *Franks v. Delaware*.

23. Accordingly, all evidence obtained from of the GPS tracking device on the 2008 Honda CR-V Automobile should be suppressed, as well as all evidence developed from or that is the fruits of the evidence obtained from the GPS tracking device on the 2008 Honda CR-V Automobile. The evidence that will be produced in support of Mr. Mo's challenge to this search entitles him to, and he hereby requests, an evidentiary hearing regarding his challenges under *Franks v. Delaware*. This request is supported by the Brief in Support of Defendant Mo Hailong's Motion to Suppress GPS Tracking of the 2008 Honda CR-V Automobile.

WHEREFORE, the Defendant, Mo Hailong, prays this Court for an order setting an evidentiary hearing in this motion and, thereafter, suppressing the evidence obtained from each of the searches described above and any additional evidence obtained as the fruits of the searches described above. Mr. Mo requests oral argument on all aspects of this motion.

WEINHARDT & LOGAN, P.C.

By /s/ Mark E. Weinhardt
Mark E. Weinhardt     AT0008280
Holly M. Logan     AT0004710

2600 Grand Avenue, Suite 450
Des Moines, IA 50312
Telephone: (515) 244-3100
E-mail: mweinhardt@weinhardtlogan.com
  hlogan@weinhardtlogan.com

LAW OFFICE OF MARK BECK

By /s/ Mark Beck
Mark Beck (Admitted pro hac vice)

350 West Colorado Blvd, Suite 200
Pasadena, CA 91105
Telephone: (626) 234-5334
Email: mbeck@markbecklaw.com
ATTORNEYS FOR MO HAILONG, ALSO
KNOWN AS ROBERT MO

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on _March 27_, 2015, by

- ☐ U.S. Mail
- ☒ FAX
- ☐ Hand Delivered
- ☐ Electronic Mail
- ☐ FedEx/ Overnight Carrier
- ☒ CM / ECF

Jason T. Griess
U.S. Attorney's Office
jason.griess2@usdoj.gov

Marc Krickbaum
marc.krickbaum@usdoj.gov

Leon F. Spies
Mellon & Spies
Spieslegal@aol.com

Terry W. Bird
Bird Marella
TWB@birdmarella.com

ATTORNEYS FOR MO YUN

Signature: _[signature]_